IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **RAQUEL CARMON,** | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. ___ |
| | ) | |
| **SAKS FIFTH AVENUE LLC** | ) | |
| Serve: CSC Lawyers Incorporating | ) | |
| Service company | ) | |
| 221 Bolivar St. | ) | Jury Trial Demanded |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SAKS FIFTH AVENUE** | ) | |
| **REAL PROPERTY LLC** | ) | |
| Serve: CSC Lawyers Incorporating | ) | |
| Service company | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **NATHAN DICKEY** | ) | |
| Serve: Hold Service | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **JOHN DOE ENTITY** | ) | |
| Hold Service | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff and for her Petition for Damages against Defendants states:

1

## Nature of Action

1. This action is brought pursuant to the Missouri Human Rights Act (hereinafter MHRA), Chapter 213, RSMo. for race discrimination, retaliation, and a hostile work environment, as well as claims for false imprisonment, malicious prosecution, and intentional infliction of emotional distress.

## Parties

2. Plaintiff Raquel Carmon an individual over the age of 18 who was a Missouri resident during all times relevant.

3. Defendant Saks Fifth Avenue LLC is a Massachusetts company, and owns and operates a retail store located at 1 Plaza Frontenac, St. Louis County, Missouri, 63131.

4. Pleading in the alternative and hypothetically, Defendant Saks Fifth Avenue Real Property LLC is a Delaware company and owns and operates a retail store located at 1 Plaza Frontenac Plaza, St. Louis County, Missouri, 63131.

5. Together, these Defendants will be referred to as Saks Fifth Avenue hereinafter.

6. Pleading in the alternative and hypothetically, Defendant John Doe Entity is a company that owns and operates a retail store located at 1 Plaza Frontenac Plaza, St. Louis County, Missouri, 63131.

7. Defendant Nathan Dickey is a individual over the age of 18, and at all times relevant was an employee of Saks Fifth Avenue and Plaintiff's supervisor.

8. At all times relevant, Plaintiff was an employee of Defendant Saks Fifth Avenue and/or John Doe Entity until she was terminated.

9. At all times relevant to this lawsuit, Defendant Saks Fifth Avenue was an employer within the meaning of § 213.010(7) RSMo. of the MHRA because it employed more than 6 persons.

### Venue

10. Venue is proper in St. Louis County because all of the events complained of herein occurred in St. Louis County, pursuant to RSMo. § 213.111.

### Procedural Prerequisites

11. On or about August 2, 2018, Plaintiff timely submitted a charge of discrimination against Defendants with the Missouri Commission on Human Rights (MCHR), Charge No. FE-7/18-29435, where she alleged Defendants unlawfully discriminated against her because of her race and retaliated against her.

12. On or about March 11, 2019 the MCHR issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue. (See Plaintiff's Exhibit 1 which is attached hereto and incorporated herein).

### Factual Allegations

13. Plaintiff was employed by Defendant Saks Fifth Avenue in asset protection from November 2015 until she was terminated on July 19, 2018.

14. The store she worked at was located in Frontenac, Missouri, an affluent suburb of St. Louis.

15. Plaintiff is a black woman.

16. Plaintiff's direct supervisor was Nathan Dickey, District Asset Protection Manager.

17. During her employment, Plaintiff inquired to her boss, Dickey, about opportunities for promotions.

18. Plaintiff was told by Dickey that because she was black, she would likely not get a promotion in the Frontenac store.

19. Plaintiff was told by Dickey to "not hold her breath" with regards to obtaining a promotion.

20. Plaintiff was also told by Dickey that she would need to move to a more "diverse" location than Frontenac if she wanted a promotion.

21. In or about April 2018, Plaintiff wrote a formal complaint to the human resources department of Saks Fifth Avenue, complaining about the racist discrimination she was experiencing.

22. After her complaint, Dickey started retaliating against her and treating her very poorly.

23. Dickey accused her of infractions other employees were not disciplined for.

24. In or about May 2018, Plaintiff complained again to human resources about the retaliation she was experiencing from Dickey.

25. During Plaintiff's employment, Defendant Saks Fifth Avenue had a policy of donating merchandise that was left behind by customers in the store.

26. Customers would often buy merchandise and have the store hold the items, and then would often not return to pick them up.

27. Items were donated after they were left behind by customers for 90 days or longer.

28. Plaintiff was told in 2016 by Dickey that she did not have to specifically ask each time she was going to donate items that were left behind for 90 days or longer, and that she could just take such merchandise to places to donate.

29. On or about June 27, 2018, Plaintiff took certain merchandise that was left in the store longer than 90 days to her car to donate, as Dickey had previously told her she had the authority to do.

30. Thereafter, Plaintiff left for a previously scheduled vacation.

31. When Plaintiff returned to work in early July 2018, Dickey told her that she needed to return the items.

32. Plaintiff still had the items in her car, so she brought them back inside the store at Dickey's request.

33. Dickey called the police on Plaintiff, and accused her of stealing the items, which totaled over $5,000.

34. Dickey knew that Plaintiff had not stolen any items.

35. Dickey knew he had given Plaintiff permission to donate the items.

36. Dickey intentionally relayed false information to the police in order to have Plaintiff arrested.

37. The police arrived at Saks Fifth Avenue and arrested Plaintiff.

38. Plaintiff was handcuffed and removed from Saks Fifth Avenue, in front of her colleagues and taken to the police station.

39. Plaintiff was charged with felony stealing.

40. Plaintiff was terminated from her employment on July 19, 2018.

41. Dickey was retaliating against Plaintiff for reporting his discriminatory and retaliatory conduct to human resources.

42. This experience was extremely humiliating to Plaintiff.

43. Plaintiff's mug shot is online, and is readily visible when her name is searched online.

44. Plaintiff had the hire a lawyer and incurred legal fees as a result of the false charges against her.

45. The charges against her were dismissed, as they were completely without merit and false.

### Count I
### Violation of the Missouri Human Rights Act
### Race Discrimination

46. Plaintiff incorporates by reference the previous paragraphs and further alleges as follows:

47. Plaintiff is a black female, and is therefore a member of a protected group.

48. Plaintiff suffered adverse employment action because of her race, including but not limited to failure to receive a promotion, harassing behavior at work, false arrest, and ultimately termination.

49. Plaintiff's race was a contributing and/or motivating factor in Defendants' conduct, for the following reasons, including, but not limited to:

    a. Plaintiff was denied promotions and was expressly told it was because of her race;

    b. Plaintiff was disciplined for false and pretextual reasons, and for reasons white persons were not disciplined for;

  c. Plaintiff was wrongfully accused of stealing; and

  d. Plaintiff was terminated for false and pretextual reasons, and for reasons other white employees were not terminated for.

50. Plaintiff was damaged by Defendants' actions.

51. Defendants' conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on race without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

**Count II**
**Violation of the Missouri Human Rights Act**
**Retaliation**

52. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

53. Plaintiff opposed racial discrimination when she complained to various persons, as stated above, about the racial discrimination she was experiencing at Saks Fifth Avenue.

54. Plaintiff opposed racial discrimination and exercised her legal rights when she complained to human resources in April and May 2018.

55. Plaintiff's supervisor Dickey knew she had complained to human resourced about him.

56. Plaintiff had a reasonable belief that she and other employees at Saks Fifth Avenue were being racially discriminated against by Defendants' employees.

57. Defendants took adverse employment action against her when they had her arrested and then terminated her.

58. Plaintiff's complaints of racial discrimination were a contributing and/or motivating factor for the adverse action taken against her, for the following reasons, including but not limited to:

   a. Plaintiff's termination occurred after she opposed racial discrimination and harassment;

   b. Defendants' reasons for Plaintiff's termination were false and pretextual;

   c. Plaintiff was falsely accused of stealing and arrested because of Defendants' lies and wrongful conduct shortly after she opposed racial discrimination; and

   d. Other employees who did not oppose racial discrimination were not terminated or falsely arrested.

59. Plaintiff was damaged as a result of her termination and false arrest.

60. Defendants' conduct of terminating Plaintiff's employment and having her arrested because she complained of racial discrimination was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants intentionally terminated her employment and had her arrested without just cause or excuse because Plaintiff was exercising her rights under the Missouri Human Rights Act, and such termination and arrest was in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count III
### Violation of the Missouri Human Rights Act
### Hostile Work Environment—Race

61. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

62. Plaintiff, a black female, is a member of a protected group.

63. Plaintiff was subjected to unwelcome racial harassment during her employment at Saks Fifth Avenue, including being told her race was a reason she was not promoted, and being falsely accused of stealing and being arrested.

64. This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform her job duties and caused her great emotional distress.

65. Defendant did not try to correct the harassing behavior despite knowing about it.

66. The harassment Plaintiff has endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of her employment.

67. Plaintiff believed that her work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

68.     Plaintiff was damaged as a result of Defendants' actions.

69.     Defendants' conduct of allowing a hostile work environment was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count IV
## False Imprisonment

70.     Plaintiff incorporates by reference Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

71.     Plaintiff was confined by Defendants when she was handcuffed and arrested by the police.

72.     The police handcuffed and arrested her due to the false information provided to them by Dickey.

73.     The information given to the police by Dickey was false.

74.     Dickey intentionally told the police false information in order to cause Plaintiff's arrest.

75.     As a result of Defendants' actions, Plaintiff was damaged.

76. Defendants' conduct of falsely arresting Plaintiff was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally provided false information in order to have Plaintiff falsely arrested.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count V
### Malicious Prosecution

77. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

78. Defendants falsely accused Plaintiff of stealing and had her arrested.

79. The charges against Plaintiff were dropped because they had no merit.

80. There was no probable cause for Defendants falsely accusing Plaintiff of a crime.

81. Defendants accused Plaintiff of a crime in retaliation for her complaints of racial discrimination.

82. Defendants falsely accused Plaintiff of a crime with malice.

83. Plaintiff suffered damages a s a result of Defendants' conduct.

84. Defendants' conduct of providing false information to the police in order to have Plaintiff charged with a crime was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally provided false information in order to have Plaintiff falsely arrested.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count VI
### Intentional Infliction of Emotional Distress

85. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

86. Defendants acted intentionally and recklessly when they falsely reported conduct of Plaintiff to the police in order to have her arrested

87. Defendants' conduct was extreme and outrageous.

88. Defendants' conduct caused Plaintiff extreme humiliation and severe emotional distress, and will cause her extreme emotional distress into the future.

89. Defendant intended that Plaintiff suffer extreme emotional distress.

90. Defendants' conduct of providing false information to the police in order to have Plaintiff charged with a crime was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally provided false information in order to have Plaintiff falsely arrested.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

Electronically Filed - St Louis County - June 07, 2019 - 12:55 PM

## CONSTITUTIONAL CHALLENGE
## APPLICATION OF SENATE BILL 43, AND ANY PROVISIONS THEREIN, TO THIS CAUSE OF ACTION WOULD VIOLATE THE CONSTITUTION

91. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

92. Senate Bill 43 and numerous particular provisions therein, which became effective on August 28, 2017, and which purport to apply to this case, violate the Missouri Constitution and are therefore invalid and without legal effect, as more fully discussed herein.

93. SB 43, which purports to limit plaintiff's relief under Missouri Human Rights Act (MHRA) cases, violates:

    a. Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution, because:

        i. The cap on damages irrationally treats plaintiffs in MHRA cases differently than other tort cases; and

        ii. The cap on damages irrationally treats plaintiffs with severe injuries and large damages differently than those with little damages;

    b. Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries.

    c. Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute;

13

Electronically Filed - St Louis County - June 07, 2019 - 12:55 PM

  d. Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages without interference by legislature;

  e. The separation of powers, established by Article II, Section 1 of the Missouri Constitution, because it is within the fundamental and inherent function of the courts, not the legislature, to remit verdicts and judgments; and

  f. The prohibition against special laws granting to any corporation, association or individual any special or exclusive right, privilege, or immunity, established by Article III, Section 40 (28) of the Missouri Constitution, because the cap (1) arbitrarily distinguishes between slightly and severely injured plaintiffs; (2) arbitrarily distinguishes between plaintiffs with identical injuries; (3) arbitrarily distinguishes between individual types of injuries; and (4) arbitrarily distinguishes between tortfeasors based on the number of employees they have.

  94. SB 43, which purports to provide that the MHRA, the Workers' Compensation chapter, and the general employment law chapter, shall be the exclusive remedy for any and all claims for injury or damages arising out of the employment relationship, violates Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages for all possible claims without interference by legislature; Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries; Plaintiff's

right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution; and purports to limit Plaintiff's ability to bring Federal claims in state court, which violates the supremacy clause, Article VI of the U.S. Constitution.

95. Applying any aspects of SB 43 that are substantive retroactively to this claim would violate Article I, Section 13 of the Missouri Constitution.

96. The Missouri Attorney General has been served with a copy of this Petition pursuant to Missouri Rule 87.04 and Section 527.210, RSMo.

**WHEREFORE**, Plaintiffs ask for the Court to declare that Senate Bill 43 and its enacted statutory provisions are unconstitutional and therefore to apply the laws in effect before August 28, 2017 and to provide such other relief as this Court deems proper and just.

    Respectfully submitted,

    PONDER ZIMMERMANN LLC

    By /s/ Jaclyn Zimmermann
        Jaclyn M. Zimmermann, #57814
        jmz@ponderzimmermann.com
        Douglas Ponder, #54968
        dbp@ponderzimmermann.com
        20 S. Sarah
        St. Louis, MO 63108
        Phone: 314-272-2621
        Fax: 314-272-2713

    Attorneys for Plaintiff Raquel Carmon

Electronically Filed - St Louis County - June 07, 2019 - 12:55 PM