UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAQUEL CARMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  4:19-CV-02855-AGF |
| | ) |
| SAKS FIFTH AVENUE LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Saks Fifth Avenue LLC's motion (ECF No. 24) to compel Plaintiff Raquel Carmon to appear in person for her deposition. For the reasons set forth below, the motion will be denied.

## BACKGROUND

In this action, Plaintiff Raquel Carmon alleges that her former employer, Defendant Saks Fifth Avenue LLC, subjected her to race discrimination, retaliation, and a hostile work environment, all in violation of the Missouri Human Rights Act ("MHRA").

Plaintiff alleges that she was told on multiple occasions by Defendant that she likely would not be promoted because she was an African American.  Following the alleged discriminatory treatment, Plaintiff complained to human resources, and she alleges that because of the complaint, she was accused of infractions for which other of Defendant's employees would not be disciplined.  Plaintiff then filed another complaint with human resources.  After Plaintiff filed the complaint, Defendant called police to

have Plaintiff arrested for taking merchandise left by customers at Defendant's store. Plaintiff alleges that it was customary practice to donate such merchandise and that Defendant authorized her to take and donate the merchandise but then retracted, caused her arrest for allegedly stealing the merchandise, and subsequently fired her. Plaintiff alleges that the firing was in retaliation for her complaints to human resources and that the arrest was used as pretext.

The current discovery dispute arises out of Defendant's insistence to require Plaintiff appear in person for her deposition. Plaintiff has insisted on a remote deposition over Zoom or a similar videoconferencing platform, in light of the current coronavirus (COVID-19) pandemic.

Defendant argues that there is no prohibition on in-person depositions and that the mere presence of COVID-19 is insufficient to justify a refusal to appear for an in-person deposition. Defendant further argues that it has offered to make accommodations to facilitate the taking of an in-person deposition near Plaintiff and to follow recommended social distancing and other sanitization protocols. Last, Defendant asserts that it would be prejudiced if Plaintiff is not compelled to appear in person because it is important for the examining attorney to be able to observe Plaintiff in person to evaluate her credibility, demeanor, and effectiveness as a witness in advance of trial.

In response, Plaintiff maintains that it is not safe to conduct in-person depositions

during the COVID-19 pandemic and that she will only appear via Zoom. Plaintiff argues that the Chief Judge's Administrative Orders AORD-0034 and AORD-0039[1] require depositions be conducted via videoconference unless otherwise directed, and that using this method is a safe and highly effective means of conducting a deposition during the COVID-19 pandemic. Plaintiff further argues that this course will not prejudice Defendant because Plaintiff is also only conducting her depositions via Zoom.

In reply, Defendant argues that the Chief Judge's Administrative Orders do not prohibit in-person depositions and maintains that Plaintiff should be required to comply with Defendant's request for a deposition in person.

## **DISCUSSION**

Upon careful consideration of the parties' arguments in light of the concerns set forth in Federal Rules of Civil Procedure 26 and 30, the Court will deny Defendant's motion.

As an initial matter, the Court agrees with Defendant that neither of the Chief Judge's Administrative Orders prohibits parties from conducting in-person depositions. However, these Orders do reflect the Court's concern regarding the severity of the COVID-19 pandemic and the potential risks associated with in-person gatherings, particularly when there is a reasonable alternative such as videoconferencing. Indeed,

---

[1] These Administrative Orders provide, for example, that all proceedings shall be conducted by means other than in-person meetings wherever possible by law unless otherwise directed by the presiding judge.

federal courts all over the country have recognized that "[h]ealth concerns created by the COVID-19 pandemic can be a legitimate reason to take a deposition by remote means," given the "obvious" risks caused by in-person depositions, which "generally require[] the participants to sit in a shared enclosed space for prolonged periods of time." *H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. CV 19-1095 (JNE/BRT), 2020 WL 5512517, at *1 (D. Minn. Sept. 14, 2020) (collecting cases).

Furthermore, this case is readily distinguishable from *Howland v. Smith*, No. 2:18-CV-00018-NAB, 2020 WL 4890080 (E.D. Mo. Aug. 20, 2020), relied on by Defendant. In that case, the defendant had been evading a deposition for years and did not provide notice of his desire to proceed remotely until 48 hours before the deposition as to occur. *Id.* Unsurprisingly, the court in that case was unwilling to allow the defendant to use the current pandemic as an excuse to continue his evasion. *Id.*

Here, Plaintiff has given adequate notice of her desire to appear for deposition remotely, there is no indication that Plaintiff is attempting to evade discovery, and there is a reasonable and readily available alternative in videoconferencing. Defendant has not indicated that it is unable to conduct the deposition remotely. Nor has it made a showing of prejudice that outweighs the health risks associated with the COVID-19 pandemic. While the Court recognizes the general preference for in-person depositions under normal circumstances, "conducting depositions remotely is becoming the new normal" during this pandemic. *See Rouviere v. DePuy Orthopaedics, Inc.*, No. 1:18-cv-04814 (LJL)

4

(SDA), 2020 WL 3967665, at *3 (S.D.N.Y. July 11, 2020) (collecting cases).  The Court will therefore deny Defendant's motion, and it encourages counsel to work in good faith and cooperatively to advance discovery efficiently while protecting the health and safety of all parties and witnesses.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel is **DENIED**. ECF No. 24.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the Case Management Order is **DENIED**; however, the parties shall confer in good faith to promptly schedule depositions and to determine whether any amendment to the CMO is necessary in light of this Memorandum & Order.  ECF No. 29.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2020.