UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAQUEL CARMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-02855-AGF |
| | ) |
| SAKS FIFTH AVENUE, LLC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Defendant Saks Fifth Avenue LLC's motion (ECF No. 33) for additional time in which to complete the deposition of Plaintiff. Defendant deposed Plaintiff for seven hours on October 6, 2020 via videoconference,[1] but Defendant asserts that it needs three more hours of deposition time because (1) Plaintiff impeded the deposition with non-responsive answers; (2) Plaintiff produced "hundreds of hours of audio recordings" and other information requiring additional time for fair examination, and (3) the circumstances of remote deposition, such as enlarging and scrolling through exhibits, slowed the pace of the deposition. *See* ECF No. 33 at 1, 5.

Plaintiff opposes the motion, arguing that additional time is unnecessary because Plaintiff's answers were responsive, Plaintiff's discovery was produced well in advance of the deposition, the parties took minimal breaks, and managing remote exhibits took relatively little time. Plaintiff argues that Defendant's need for additional time is the result of its own insufficient preparation.

---

[1] In light of Plaintiff's concerns regarding the current coronavirus (COVID-19) pandemic, the Court denied Defendant's motion to compel an in-person deposition. *See* ECF No. 32.

Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours," but that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

Upon careful consideration of the parties' briefs and exhibits, and in light of the proportionality concerns of Rule 26 and the nature of the legal claims and related discovery at issue, the Court concludes that some, but not all, of the additional time requested by Defendant is warranted. The Court will permit Defendant to depose Plaintiff for another two hours. The Court again strongly encourages counsel to work in good faith and cooperatively to advance discovery efficiently. Failure to do so could result in the imposition of sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Additional Time to Complete Plaintiff's Deposition is **GRANTED in part and DENIED in part** as set forth above. Defendant shall have an additional two hours in which to complete the deposition of Plaintiff. ECF No. 33.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2020.